KANSAS CITY, Appellant, v. MARTIN TRIEB, Respondent.

Kansas City Court of Appeals, November 7, 1898.

1. **Kansas City:** FREEHOLDERS' CHARTER: MILK ORDINANCE: UNREA-
SONABLENESS. The freeholders' charter of Kansas City authorizes
the passage of an ordinance licensing milk dealers and such ordi-
nance can not be set aside by the courts because they deem it to be
unreasonable or against sound policy.

2. ———: ———: FORCE AND EFFECT OF. The freeholders' charter of
Kansas City has the force of a legislative enactment.

*Appeal from the Jackson Criminal Court.*—HON. J. W.
WOFFORD, Judge.

REVERSED AND REMANDED.

C. E. BURNHAM for appellant.

(1) The charter gives the right "to the council to
license, tax and regulate  *  *  * milk dealers,"
page 15, of charter; General Welfare Clause, p. 19;
section 15, p. 16, of charter. It seems a municipality
may "define" a wholesaler and a "retailer." 29 Am.
and Eng. Ency. of Law, pp. 107 and 108; St. Louis
v. Weitzel, 130 Mo. 600; 18 Am. and Eng. Ency. of
Law, 753; Van Baalm v. People, 40 Mich. 258; 25
Am. and Eng. Ency. of Law, 487 and 488, 479 and
484; State v. Whittaker, 33 Mo. 457; St. Louis v.
Spiegle, 90 Mo. 587; State v. Spencer, 49 Mo. 342;
St. Louis v. Laughlin, 49 Mo. 559; St. Louis v. Green,
7 Mo. App. 468; Kansas City v. Lorber, 64 Mo. App.
604. (2) The power of the state to tax all profes-
sions is unquestioned, and the state might delegate
this power. St. Louis v. Laughlin, 49 Mo. 562; St.
Louis v. Weber, 44 Mo. 547; Jackson v. St. Louis,

25 Mo. 37. (3) With the question of reasonableness of a city ordinance, passed in strict pursuance of an express grant of authority, the courts have nothing to do. St. Louis v. Green, 7 Mo. App. 469.

J. M. COLE for respondent. No brief.

SMITH, P. J.—This is an action which was brought by the plaintiff city to recover a penalty for the violation of an ordinance requiring wholesale milk dealers to procure a license before commencing business. The ordinance provided that any person violating the provisions thereof should be deemed guilty of a misdemeanor and on conviction should be fined not exceeding $300.

The agreed statement of facts shows that the defendant was a dairyman and the owner of eighty cows, the milk of which he brought to the plaintiff city and there sold to grocers, restaurant keepers and other small milk dealers, as well as to families for their immediate use, in quantities of two gallons or more.

The ordinance just referred to declares "a wholesale milk dealer is any person, firm or corporation who sells milk of any kind, buttermilk or cream in quantities of two gallons or more." It further requires a wholesale milk dealer to pay $25 license per annum. The record discloses that this ordinance as to defendant was by the criminal court adjudged invalid on the specific ground that he was the vendor of the "product of his farm or garden." The power conferred by the charter of the plaintiff city expressly authorized the passage of the ordinance in question. Sub. 10 of sec. 1, art. III (p. 15), Charter of Kansas City.

It is to be inferred that the court declared the ordinance invalid because unreasonable. The rule is that where the legislature in terms confers upon a municipal

corporation the power to pass ordinances of a specified and defined character they can not be set aside by the courts because they deem them to be unreasonable or against sound policy. Dillon's Mun. Corp., sec. 326; St. Louis v. Green, 7 Mo. App. 469.

The charter of the plaintiff city has the force of a legislative enactment. But were the rule otherwise it is not perceived that the ordinance would be subject to the objection that it is unreasonable and therefore invalid.

The judgment must be reversed and cause re-- manded. All concur.